# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00766-CR

---

**Bryan Wayne Whillhite, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-13-0586-SA, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Bryan Wayne Whillhite was charged with the offense of sexual assault of a child, s*ee* Tex. Penal Code § 29.03, and with the offense of online solicitation of a minor, *see id.* § 33.021(b).[1] Whillhite pleaded guilty to both offenses, and the trial court placed him on deferred adjudication community-supervision for ten years. The State later moved to revoke

---

[1] Section 33.021(b) of the Texas Penal Code was declared unconstitutional by the Texas Court of Criminal Appeals in 2013, before the appellant was convicted of the offense. *Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013). Willhite's conviction for the offense, however, is not reviewable in this appeal of the revocation of his community supervision. *See* Tex. Code Crim. Proc. art. 42A.108 ("The determination to proceed with an adjudication of guilt [on violation of a condition of deferred adjudication community supervision] is reviewable in the same manner as a revocation hearing . . . in a case in which the adjudication of guilt was not deferred.), art. 42A.755 ("When the defendant is notified that defendant's community supervision is revoked for a violation of the conditions of community supervision and the defendant is called on to serve a sentence . . . the defendant may appeal the revocation."). The correct vehicle for such a challenge would be a habeas corpus proceeding brought under Article 11.07 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ex parte Lopez*, No. WR-89,761-01, 2019 WL 1924320, at *1 (Tex. Crim. App. May 1, 2019) (per curiam) (not designated for publication) (setting aside conviction for online solicitation of a minor in habeas corpus proceeding under article 11.07).

Willhite's community supervision and to adjudicate his guilt based on alleged violations of the terms of his supervision. After Whillhite pleaded true to the allegations in the State's motion to adjudicate, the trial court adjudicated him guilty as to each offense and assessed punishment at seventy-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice with the sentences to run concurrently.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 86-87 (1988).

Appellant's counsel has represented to the Court that he has provided copies of the motion and brief to appellant; advised appellant of his right to examine the appellate record and file a pro se brief; and provided appellant with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-21 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Appellant requested access to the appellate record, and pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321.

We have conducted an independent review of the record, including appellate counsel's brief and appellant's pro se brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

2

Counsel's motion to withdraw is granted. The trial court's judgment adjudicating guilt is affirmed.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: January 3, 2020

Do Not Publish